*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. DIXON, Minor.

UNPUBLISHED
February 10, 2026
9:07 AM

No. 375795
Eaton Circuit Court
Family Division
LC No. 23-021001-NA

Before: GADOLA, C.J., and BOONSTRA and PATEL, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to her minor child, AJD, under MCL 712A.19b(3)(*i*) and (j).[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2023, petitioner, the Department of Health and Human Services (DHHS) petitioned the trial court to remove AJD from respondent's care after an incident in which respondent overdosed in her home. AJD and her grandmother found respondent lying unconscious next to a syringe. AJD told a DHHS worker that she had seen respondent pass out on four other occasions. Methamphetamine was found in the home. Respondent told DHHS that she had a history of substance use, but that she had not used illegal drugs since 2017. She claimed that she had fainted on the night in question. The trial court authorized the petition and DHHS removed AJD from respondent's care and placed her with her maternal aunt and uncle.

At an initial dispositional hearing, DHHS reported that respondent had several barriers to reunification with the child, including her emotional stability, substance use, lack of some parenting skills, unemployment, and unstable housing. Over the course of the proceedings below,

---

[1] The trial court also terminated the parental rights of AJD's biological father, but he is not a party to this appeal. We will refer to respondent-mother as "respondent."

respondent complied with services provided by petitioner to address her employment and parenting skills barriers, and she made progress in those areas. However, respondent did not consistently participate in her substance abuse counseling and had multiple positive drug screens. By the time of the termination hearing, respondent had tested positive for benzodiazepine[2] twice and methamphetamine 17 times; her caseworker testified that there were only four nonconsecutive months in which respondent did *not* test positive for methamphetamine. Notwithstanding the test results, respondent repeatedly denied using substances, claiming that her positive screens were false positives. Additionally, respondent's caseworker testified at the termination hearing that respondent's emotional instability was still a barrier to her reunification with AJD because respondent struggled with managing parenting visits, work, and therapy. The trial court also determined that respondent had not successfully obtained stable housing, noting that respondent had a month-to-month lease and had recently signed a document indicating her intent to leave the house (although respondent claimed that the document was merely a ruse meant to satisfy her landlord's ex-wife).

The trial court found that statutory grounds for termination of respondent's parental rights had been established. The trial court then determined that termination was in AJD's best interests. The trial court found that a bond existed between respondent and AJD, but that the bond was outweighed by AJD's need for stability, permanency, and finality. The trial court considered the fact that AJD was placed with relatives, but found nonetheless that AJD's best interests were served by terminating respondent's parental rights, noting that respondent had no relationship with AJD's aunt and uncle despite their blood relation, and that they were willing to adopt her. This appeal followed.

## II. STANDARD OF REVIEW

A trial court "may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). After a statutory ground has been proven, the trial court must terminate parental rights if it finds by a preponderance of the evidence that termination is in the child's best interests. *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020). "This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *Id*. (quotation marks and citation omitted). Clear error exists when "some evidence supports a finding, but a review of the entire record leaves the reviewing court with the definite and firm conviction that the lower court made a mistake." *In re Baham*, 331 Mich App 737, 751; 954 NW2d 529 (2020) (quotation marks and citation omitted). This Court must give regard to "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Mota*, 334 Mich App at 320 (quotation marks omitted).

---

[2] The active ingredient in Xanax, a prescription medication for which respondent did not have a prescription.

### III. STATUTORY GROUNDS FOR TERMINATION

Respondent argues that the trial court clearly erred by finding that statutory grounds for termination had been proven by clear and convincing evidence. We disagree.

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and (j), which state in relevant part:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent.

Termination under MCL 712A.19b(3)(c)(*i*) is appropriate if "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." *In re Atchley*, 341 Mich App 332, 343; 990 NW2d 685 (2022).

In this case, the initial disposition occurred on February 15, 2024 and the trial court terminated respondent's parental rights on May 1, 2025. The time between these dates exceeds 182 days. Therefore, the first requirement of MCL 712A.19b(3)(c)(*i*) was satisfied.

According to the petition, respondent's initial barriers to reunification included her substance use, emotional stability, and unstable housing. Although respondent participated in various forms of substance abuse therapy throughout the case, she tested positive for Xanax twice and for methamphetamine 17 times. Respondent also repeatedly refused to take accountability for her substance abuse, only admitting to using methamphetamine one time in 2024 and claiming that every other positive drug screen was a false positive. The trial court did not clearly err by concluding that respondent had not addressed her substance abuse issues by the time of termination.

Additionally, the trial court did not clearly err by finding that respondent's emotional instability was still a barrier to reunification. The psychologist who conducted respondent's psychological evaluation opined that respondent's mental health conditions would likely cause

respondent to struggle with creating a stable environment for AJD and with putting AJD's needs above her own. Although respondent had participated in therapy, her caseworker testified that her emotional instability was still a barrier to reunification because respondent struggled to manage her mental health while also juggling parenting-time visits, work, and therapy.

The trial court also did not clearly err by finding that respondent's unstable housing situation was still a barrier to reunification. Although respondent and her caseworker both testified that respondent had a month-to-month lease on a house she shared with her landlord, respondent's testimony during the termination trial was that she had fraudulently signed a notice to quit her current residence—a situation that could easily result in respondent's loss of housing at any time.

Furthermore, the trial court did not clearly err by determining that there was no reasonable likelihood that these conditions would have been rectified within a reasonable time considering the child's age. See MCL 712A.19b(3)(c)(*i*).

Respondent argues that the trial court should have given her more time to address her barriers to reunification. We disagree. While respondent did make some progress in addressing certain barriers, like parenting skills, she did not make sufficient progress in addressing her substance use (the biggest barrier to reunification), or demonstrate any likelihood that she could rectify that barrier within a reasonable time. Additionally, the psychologist who evaluated respondent did not believe that there were any services that could be provided that would make respondent a safe parent. See *In re Pederson*, 331 Mich App 445, 473; 951 NW2d 704 (2020) (holding that, based on the evaluating psychologist's testimony, the trial court did not clearly err by finding that there was no reasonable likelihood that the respondents could address their barrier's to reunification within a reasonable time). The trial court emphasized that AJD had been removed from respondent's care for approximately half of her life, and noted that previous efforts to address these issues through a guardianship for AJD had also been unsuccessful. All in all, the record supported the trial court's conclusion that there was no reasonable likelihood that these conditions would be rectified within a reasonable time considering AJD's age. See MCL 712A.19b(3)(c)(*i*); *Atchley*, 341 Mich App at 343.

Given respondent's unstable housing, continued emotional instability, consistent positive drug tests, and refusal to take accountability for her substance use, the trial court did not clearly err by finding by clear and convincing evidence that respondent's barriers to reunification continued to exist. [3] See *Baham*, 331 Mich App at 751.

---

[3] As previously noted, the trial court also terminated respondent's parental rights under MCL 712A.19b(j) (reasonable likelihood of harm if returned to parent). But "[o]nly one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). Moreover, because the record reflects that AJD suffered emotional harm when she was previously in respondent's care and because respondent failed to comply with her service plan, we agree that there was a reasonable likelihood that AJD would be harmed if returned to respondent's care. Therefore, termination was also proper under MCL 712A.19b(j).

## IV. BEST-INTEREST DETERMINATION

Respondent also argues that the trial court erred by finding that termination was in AJD's best interests. Specifically, respondent argues that the trial court failed to give adequate weight to AJD's placement with relatives, and failed to consider alternatives to termination of her parental rights, such as a guardianship under MCL 722.875b. We disagree.

A trial court should weigh all available evidence to determine what is in the child's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). In doing so, courts may consider factors such as

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*Id*. at 713-714.]

A trial court must also consider a child's placement with relatives, which ordinarily weighs against termination. *Atchley*, 341 Mich App at 347. However, the fact that a child is placed with relatives is not dispositive and a trial court "may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests." *Id*., quoting *Olive/Metts*, 297 Mich App at 43.

The trial court did not clearly err when it concluded that termination was in AJD's best interests. The court noted that respondent and the child shared a strong bond, which is a factor that weighs against termination. See *In re White*, 303 Mich App at 713. And it recognized that AJD's placement with relatives would also ordinarily weigh against termination. *In re Atchley*, 341 Mich App at 347. However, the majority of the best interest factors supported the trial court's conclusion that terminating respondent's parental rights was in AJD's best interest. Respondent's caseworker testified that AJD struggled with the lack of permanency and stability in her life. The caseworker and AJD's therapist both noted that she was doing well and felt safe at her aunt and uncle's house. AJD's therapist also testified that the neglect AJD had experienced in respondent's care continued to have an emotional impact on AJD. Additionally, the trial court noted that respondent failed to follow the terms of her service plan and had repeatedly denied using methamphetamine despite numerous positive drug screens. These factors all indicate that reunification was not in AJD's best interests. See *White*, 303 Mich App at 713-714.

Respondent argues that, because AJD was placed with relatives, the trial court erred by failing to consider alternatives to termination of her parental rights, such as a guardianship under MCL 722.875b. However, "[a] trial court is not required to establish a guardianship in lieu of termination if it is not in the child's best interests to do so." *In re Lombard*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367714); slip op at 6. In this case, AJD's aunt and uncle had previously been AJD's guardians, but the caseworker opined that another guardianship would not give AJD the permanency and stability she needed. The trial court additionally noted that respondent had no relationship with AJD's aunt and uncle, who were willing to adopt AJD. The trial court did not clearly err by not considering implementing an additional guardianship because

it properly determined that termination was in AJD's best interests.  See *Baham*, 331 Mich App at 751.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Sima G. Patel